# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DE'ANDRE DAMON JONES,

    Plaintiff,

v.

STEVE CHAPMAN,

    Defendant.

CIVIL ACTION NO.: 5:17-cv-37

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly an inmate at Ware State Prison in Waycross, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's conditions of confinement claim and **DENY** Plaintiff leave to appeal *in forma pauperis* as to this claim. However, Plaintiff arguably states a colorable deliberate indifference to safety claim against Defendant Chapman. Accordingly, the Court **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Complaint and this Order upon Defendant.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges he was assaulted by a Bloods gang member on December 19, 2016, and was placed in solitary confinement because he refused to go back into the dormitory after the assault. (Doc. 1, p. 3.) Plaintiff asserts he wrote administrative personnel the following day, explained what happened, and requested that he be transferred or placed on protective custody. On January 23, 2017, Plaintiff contends Defendant Chapman came to his cell and told him to pack his things because Plaintiff "was going back to the compound." (Id.) Plaintiff states

Defendant Chapman knew a Bloods gang member had assaulted Plaintiff, and Plaintiff was told not to come back to the compound or he would be killed because a Bloods gang member's cousin was killed "on [his] case." (Id.) Plaintiff avers he told Defendant Chapman he feared for his life if he was going to be placed back on the compound and asked whether Defendant Chapman would ask for Plaintiff to be transferred to another prison or be placed on protective custody. Defendant Chapman told Plaintiff he would entertain neither of those requests. Instead, Plaintiff contends Defendant Chapman told him he would write a disciplinary report against Plaintiff, and he could either go back on the compound or to the Tier II program. (Id.)

Plaintiff asserts he received a disciplinary report for failure to follow instructions based on his refusal to go back to the compound, and he filed a grievance, to which he has failed to receive a response. (Id. at pp. 3–4.) As a result of the disciplinary report, Plaintiff asserts he received forty-five (45) days' store, phone, and package restrictions. (Id. at p. 4.) He maintains he is being threatened with placement in Tier II for trying to remain safe, even though the Tier II program is supposed to be an offender management process, not punitive in nature.

Plaintiff states he was confined to his cell for twenty-four (24) hours a day since December 19, 2016, without any recreation time. Plaintiff also states the only time he was removed from his cell was to shower three times a week, and he was not been given any contact visits or phone calls. Plaintiff contends he has been diagnosed with mental health issues, and the conditions he was forced to live with exacerbate his mental health conditions. (Id.)

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Claims Against Defendant Chapman

Plaintiff's contentions that Defendant Chapman was deliberately indifferent to a risk to Plaintiff's safety implicate the Eighth Amendment's proscription against cruel and unusual punishment. That proscription imposes a constitutional duty upon prison officials to take

reasonable measures to guarantee the safety of prison inmates. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–100 (11th Cir. 2014). While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[, i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability. . . ." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825 (1994)).

To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting Hale, 50 F.3d at 1582). The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell, 748 F.3d at 1099. The objective component requires a plaintiff to show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

The second element—defendant's deliberate indifference to a substantial risk of serious harm—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).[1] The

---

[1] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two unpublished, Eleventh Circuit cases post-Melton have continued to use the "gross negligence" standard. See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017); see also Harris v. Prison Health Servs., 706 F. App'x 945, 951 (11th Cir. 2017) (noting lack of clarity between "more than mere negligence" and "more than gross negligence"

"subjective knowledge of a risk of serious harm" component requires a defendant to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099.

Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell, 400 F.3d at 1319–20). "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . .") (quotations and citations omitted).

"[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm." Purcell, 400 F.3d at 1320. A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). However, prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, to state an Eighth Amendment failure to protect claim, a

---

and declining to decide issue). However, because the Eleventh Circuit explicitly addressed this issue in Melton, this Court will apply the "more than mere negligence" standard.

plaintiff must show that the defendant knew the plaintiff faced a risk of injury and that risk was a strong likelihood.

Plaintiff contends Defendant Chapman knew Plaintiff had been assaulted by a Bloods gang member, due to a member's cousin being killed in Plaintiff's case, and that the Bloods members threatened to kill Plaintiff if he came back to the compound. Nevertheless, Defendant Chapman would not entertain Plaintiff's requests to either be transferred to another prison or to be placed on protective custody and threatened to either put Plaintiff back on the compound or placed in the Tier II program. (Doc. 1, p. 3.) Accordingly, Plaintiff states a colorable deliberate indifference claim against Defendant Chapman.

## II. Plaintiff's Conditions of Confinement Claim

It appears Plaintiff also is attempting to set forth a conditions of confinement claim regarding the conditions he faced in administrative segregation since December 19, 2016. (Doc. 1, pp. 3–4.) However, Plaintiff fails to provide the name(s) of any person(s) responsible for the conditions of his confinement since this date. Thus, the Court should **DISMISS without prejudice** Plaintiff's conditions of confinement claims based on Plaintiff's failure to meet the most basic pleading requirement. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Iqbal, 556 U.S. at 678; Hale, 50 F.3d at 1582.

In addition, Plaintiff's conditions of confinement claims do not appear to be related to Plaintiff's deliberate indifference to safety claims against Defendant Chapman. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Accordingly, the Court

7

should **DISMISS without prejudice** Plaintiff's conditions of confinement claim as being unrelated to Plaintiff's deliberate indifference claim.

### III. Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's conditions of confinement claim should be dismissed, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claim.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[2] A certificate of appealability is not required in this Section 1983 action.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's conditions of confinement claim. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to this claim. However, Plaintiff arguably states a colorable deliberate indifference to safety claim against Defendant Chapman.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**REMAINING CLAIM AND DEFENDANT**

As stated above, Plaintiff states a colorable deliberate indifference to safety claim against Defendant Chapman. Consequently, a copy of Plaintiff's Complaint, (doc. 1), and a copy of this Order shall be served upon Defendant Chapman by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the

Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a

motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of May, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA